FILED by _ReS_ D.C.

OCT 1 4 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

MILLICORP, a Florida corporation,
d/b/a ConsCallHome.com,

      Plaintiff,

vs.

GLOBAL TEL*LINK CORPORATION, a
Delaware corporation; SECURUS
TECHNOLOGIES, INC., a Texas corporation;
T-NETIX TELECOMMUNICATIONS
SERVICES, INC., a Texas corporation;
EVERCOM SYSTEMS, INC. a Texas
corporation; jointly and severally,

      Defendants.

_____/

**09-23093**

**CIV-GRAHAM**

7TORRES

## COMPLAINT

      Plaintiff Millicorp, d/b/a ConsCallHome.com, by and through undersigned

counsel, sues Global Tel*Link Corporation; Securus Technologies, Inc.; T-Netix

Telecommunications Services, Inc. and Evercom Systems, Inc. (hereinafter

collectively as "Defendants"), and alleges:

### JURISDICTION AND VENUE

    1.    This is an action for damages arising out of Defendants' violations of

the Communications Act of 1934 and the Telecommunications Act of 1996, as

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

amended, 47 U.S.C. §201 *et. seq.* ("Telecommunications Act"), Defendants'

common law tortious interference with Plaintiff's advantageous business

relationships, civil conspiracy to commit tortious interference, and Defendants'

violations of various state Unfair and Deceptive Trade Practices Acts / Consumer

Protection Acts including Florida's Deceptive and Unfair Trade Practices Act

("FDUTPA"). This is also an action for declaratory and injunctive relief under

various state Unfair and Deceptive Trade Practices Acts / Consumer Protection

Acts including FDUTPA. This court has subject matter jurisdiction based on 28

U.S.C. §§1331, 1332 and 1367(a), and 47 U.S.C. §207. There is a complete

diversity of citizenship among the parties and the amount in controversy exceeds

the sum or value of $75,000.00, exclusive of interest and costs.

2.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b)

because the Defendants transact business in this judicial district and a substantial

part of the events and omissions giving rise to Plaintiff's claims occurred in this

district.

## THE PARTIES

3.    Plaintiff Millicorp ("Millicorp"), d/b/a ConsCallHome.com, is a

Florida corporation with its principal place of business in Fort Myers, Florida.

2

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

4.      Defendant Global Tel*Link Corporation ("GTL") is a Delaware corporation with its principal place of business in Mobile, Alabama.  This Court has *in personam* jurisdiction over GTL because GTL conducts substantial business activity within the state of Florida and carries on its business within the state of Florida.  GTL provides telecommunications services in Florida and throughout the United States.

5.      Defendant Securus Technologies, Inc. ("Securus") is a Texas corporation with its principal place of business in Dallas, Texas.  This Court has *in personam* jurisdiction over Securus because Securus conducts substantial business activity within the state of Florida and carries on its business within the state of Florida.  Securus, through its operating companies, provides telecommunications services in Florida and throughout the United States.

6.      Defendant T-Netix Telecommunications Services, Inc. ("T-Netix") is a Texas corporation with its principal place of business in Dallas, Texas.  This Court has *in personam* jurisdiction over T-Netix because T-Netix conducts substantial business activity within the state of Florida and carries on its business within the state of Florida.  T-Netix provides telecommunications services in Florida and throughout the United States.

3

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

7. Defendant Evercom Systems, Inc. ("Evercom") is a Texas corporation with its principal place of business in Dallas, Texas. This Court has *in personam* jurisdiction over Evercom because Evercom conducts substantial business activity within the state of Florida and carries on its business within the state of Florida. Evercom provides telecommunications services in Florida and throughout the United States.

8. Securus is a holding company which owns 100% of its operating companies, T-Netix and Evercom. T-Netix and Evercom each hold certifications as telecommunications carriers throughout the United States. T-Netix and Evercom conduct business through a division known as Correctional Billing Services.

## GENERAL ALLEGATIONS

9. Millicorp is a nationwide interconnected voice over internet protocol ("VOIP") provider based in Fort Myers, Florida. It is registered with the Federal Communications Commission ("FCC") (FRN 0018930511). VOIP is an internet application typically used to transmit voice communications over a broadband internet connection, rather than traditional landlines. Millicorp provides a range of VOIP services, including services for small/medium-size businesses such as IP-

4

based fax services under the "Millifax" brand and online PBX offerings under the "Millitalk" brand, as well as its current most popular offering and the subject of this Complaint, a VOIP offering designed to serve the needs of the friends and families of correctional facility inmates, known as ConsCallHome ("CCH"). Millicorp currently provides its services in 47 states, including but not limited to Florida, Texas, California, Wisconsin, Virginia and North Carolina.

10. Securus, T-Netix, Evercom and GTL provide inmate phone service ("IPS") via payphones located primarily in state and local confinement facilities throughout the United States, including within this judicial district. Securus, through T-Netix and Evercom (hereinafter at times collectively referred to as "Securus"), and GTL are the two dominant IPS providers in this country, having approximately 70-80% of the IPS contracts to serve state and local confinement facilities in the United States. IPS providers must comply with all state and federal regulations applicable to telecommunications common carriers, as well as meet the penological and security needs of the correctional facilities that they serve.

11. As IPS providers, Securus and GTL provide two basic different inmate services – local collect or prepaid call service and long distance collect or

prepaid call service. GTL and Securus provide these services pursuant to a contract with an inmate confinement facility. These contracts require GTL and Securus to deploy equipment inside prison walls that gives the inmate confinement facilities' employees the ability to monitor or record any call made by an inmate, as well as the ability to add or delete phone numbers on a daily basis from the phone numbers that each inmate is permitted to call.

12.     These contracts also typically require Securus and GTL to pay the inmate confinement facility a percentage of their billed IPS service gross revenues, as much as sixty percent (60%) in some cases. The prices that Securus and GTL charge friends and family of inmates who use their IPS services are extraordinarily high as the result of commissions paid to confinement facilities. IPS providers such as Securus and GTL charge an average of $3.95 per call for the local set-up and service and an average of $.90 per minute for long distance services.

13.     Millicorp offers friends and family members of inmates a more economical alternative. Through its CCH service offering, Millicorp provides a legitimate, secure, and very popular technological solution to Securus' and GTL's high prices.

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

14.    Millicorp's interconnected VOIP CCH service offering uses IP-based technology and infrastructure, similar to that provided by other interconnected VOIP providers, such as Vonage, Google Voice, Magic Jack, and Skype, and provides the friends and family of inmates with reliable and secure services with significant savings.    Millicorp provides its CCH customers with a telephone number local to the same local exchange rate center as the relevant confinement facility and routes the call to the CCH customers' designated location via its IP-based network.    The calls that Millicorp's CCH customers receive from inmates are at telephone numbers assigned to these customers as a part of the CCH service offering.    The inmate confinement facility, through the IPS payphone provider, pre-approves all telephone numbers submitted for an inmate's calling list, including the customer's name and billing address, and has the ability to monitor and record all calls to Millicorp's CCH customers.

15.    Millicorp's CCH service does not allow CCH customers to receive collect call service from any IPS provider serving an inmate confinement facility. Instead, Millicorp's CCH service provides pre-paid interconnected VOIP service to its CCH customers through the local dial number in the community where the inmate with whom that customer wants to communicate is incarcerated.    Millicorp

7

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

recovers all of its costs for the service in the price it charges its customers for its service, and the Millicorp CCH customer must have a separate pre-paid account with the selected IPS provider, such as Securus or GTL, to cover the local call charges assessed for the call by the inmate payphone provider as required by the applicable confinement facility.

16.    Securus and GTL realize that Millicorp is a legitimate business competitor offering alternative services to families and loved ones of inmates at reduced rates, as do other legitimate VOIP providers such as Vonage and Google Voice.  As a consequence of Millicorp's CCH service offering, Securus and GTL do not receive long distance call revenues for the local calls made to Millicorp's CCH customers.  Thus Securus and GTL desire to eliminate Millicorp and its CCH service offering from the marketplace as a competitor.

17.    In late 2008, Securus and GTL began to program their inmate payphone equipment located inside confinement facility walls to block Millicorp's services by rejecting calls to the local phone numbers that Millicorp had assigned to its CCH customers.  Securus and GTL also have directed their representatives to not permit calls to customers served by Millicorp's CCH service offering due to Millicorp's use of telephone numbers local to the prison or jail at issue.  Securus

and GTL block calls to all Millicorp's CCH customers if the particular CCH customer's telephone number assigned by Millicorp for its service does not correspond with a rate center in the same location as the customer's billing address, or if the Securus or GTL representative learn that ConsCallHome is the provider of the customer's telephone number. Securus and GTL have engaged in these actions in numerous states, including but not limited to, Florida, Texas, California, Wisconsin, Virginia and North Carolina.

18. Initially, Securus and GTL blocked service to only a few of Millicorp's CCH customers, but soon began blocking service to the majority of the CCH customers, including some who were long-term customers in good standing. By the beginning of 2009, GTL blocked service to nearly all Millicorp customers who subscribe to Millicorp's interconnected VOIP offering, and Securus has now reached the same level of blocking of Millicorp customers as GTL as of July 2009. Since December 1, 2008, Millicorp has actually lost a minimum of 4,000 customers due to blocking by Securus and GTL. Many of these customer losses appear to be Millicorp CCH customers that were targeted specifically by GTL and Securus due to the customer's historically high monthly usage of his or her Millicorp CCH telephone number. As a direct result of blocking of calls to

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

Millicorp's CCH customers, Millicorp has actually lost a significant portion of its customer base with an actual fifty to seventy percent (50%-70%) average monthly revenue loss, as well as significant damage to Millicorp's reputation and loss of goodwill. Securus and GTL have engaged in these actions in numerous states, including but not limited to, Florida, Texas, California, Wisconsin, Virginia and North Carolina.

19.    Securus' and GTL's purported justification for the blocking of calls based on security concerns has no merit. No legitimate security issues exist with regard to Millicorp's service. Securus and GTL have all of the information (or the ability to request from Millicorp or its customer) needed to maintain security of communications from inmates to Millicorp's customers.

20.    Inmate confinement facilities also have the complete and unhindered ability to monitor all calls to Millicorp customers and to regulate the recipients of all inmate calls to Millicorp customers. Each phone number that an inmate desires to call must be pre-approved by the inmate confinement facility before the IPS provider programs the inmate phone system to accept calls placed to that number. In most cases, an inmate desiring to include a new number on the inmate's call list must supply certain information to the inmate's counselor, including the address

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

where the number rings and the name of the person to whom the number at that address is registered. The inmate confinement facility is authorized to delay adding the new number to the inmate's call list until after it confirms that the number rings at the location reported by the inmate, and that no one at that address is in any of the categories of people to whom calls are barred, such as judges or prosecuting attorneys.

21.    Securus and GTL have further sought to justify call blocking on grounds that Millicorp provides its services to its customers in a manner that violates inmate confinement facility security requirements because Securus allegedly does not know the identities of the Millicorp customers and therefore the calls are "not traceable". As a result, GTL and Securus claim that the inmate confinement facility cannot properly screen the Millicorp customer before an inmate calls from a confinement facility to a Millicorp customer. GTL and Securus have made these representations as it pertains to all of its facilities including, but not limited to, Florida, Texas, California, Wisconsin, Virginia and North Carolina.

22.    This claim of an inability to identify Millicorp customers or Millicorp itself could not be further from the truth. In addition to providing Securus, GTL

11

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

and the relevant inmate confinement facility with the Millicorp customer's local phone number, Millicorp's customers are required by Securus and GTL to provide the full billing name and address of Millicorp's customer, as well as the name of their local service provider, such as Millicorp/ConsCallHome. All parties therefore know the precise identity of the Millicorp CCH customer and Millicorp as the local service provider, as the Millicorp customer must also setup an account with Securus or GTL to use the local number provided with Millicorp's service. This fact is verified by Securus' and GTL's own conduct because Securus and GTL representatives are asking for the name of the local provider and are blocking calls when the customer identifies his or her local provider as ConsCallHome. Securus and GTL have clearly instructed their representatives to simply block most, if not all, calls from Millicorp's CCH customers. GTL and Securus have made these representations and engaged in these actions in numerous states, including but not limited to Florida, Texas, California, Wisconsin, Virginia and North Carolina. This conduct has damaged Millicorp.

23. All conditions precedent to the filing of this action have been met, satisfied or otherwise been waived.

*Millicorp v. Global Tel*Link Corporation, et al.*
Complaint

24.     As a consequence of Securus' and GTL's conduct, Millicorp has been forced to retain undersigned counsel to protect its rights and seek the remedies alleged herein. Millicorp has agreed to pay undersigned counsel a reasonable fee for their services.

## COUNT I
## VIOLATIONS OF THE TELECOMMUNICATIONS ACT
## 47 U.S.C. §201

25.     Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26.     This is a claim for damages against Securus, T-Netix, Evercom and GTL under 47 U.S.C. §§ 206 and 207 as a consequence of Securus, T-Netix, Evercom and GTL violating 47 U.S.C. §201.

27.     Securus, T-Netix, Evercom and GTL do not have the legal authority to block calls to Millicorp customers. It is the intent of Congress as manifested in Title 47 United States Code, and is now the policy of the FCC, to encourage competition as a matter of policy under the Telecommunications Act of 1996. By blocking calls to Millicorp's customers, Securus, T-Netix, Evercom and GTL are engaging in unlawful conduct to stop such competition. This unlawful conduct

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

has occurred in various states, including but not limited to Florida, Texas, California, Wisconsin, Virginia and North Carolina.

28. 47 U.S.C. §201(a) states in pertinent part:

(a) It shall be the duty of every common carrier engaged in interstate or foreign communication by wire or radio to furnish such communication service upon reasonable request therefor; . . ..

29. The blocking of telephone calls from inmates in confinement facilities to Millicorp's customers violates 47 U.S.C. §201(a) because by blocking Millicorp's calls, Securus, T-Netix, Evercom and GTL, as telecommunications common carriers, have failed to provide their common carrier payphone service upon reasonable request of Millicorp through its customers.

30. Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers. Such a practice directly conflicts with the common carrier obligations of Securus, T-Netix, Evercom and GTL under 47 U.S.C. §201(a) to "...furnish such communication service upon reasonable request therefor...". Securus, T-Netix, Evercom and GTL have systematically and routinely denied service to Millicorp and its CCH customers when presented with

14

Millicorp CCH telephone numbers in confinement facilities where Securus, T-Netix, Evercom or GTL provide inmate payphone services.   This unlawful conduct has occurred in various states, including but not limited to Florida, Texas, California, Wisconsin, Virginia and North Carolina.

31.   The blocking of telephone calls from inmates in confinement facilities to Millicorp's CCH customers also violates 47 U.S.C. §201(b).   47 U.S.C. §201(b) requires that all practices for a common carrier be "just and reasonable" and any practice that is "unjust and unreasonable is declared to be unlawful."

32.   Denying an interconnected VOIP provider such as Millicorp and its customers, in this case the friends and family of inmates, the right to receive a call from a common carrier payphone provider is an unjust and unreasonable practice and a failure of fulfillment of an IPS provider's common carrier obligation as a payphone provider to inmate confinement facilities.

33.   Under 47 U.S.C. §§ 206 and 207, Millicorp is authorized to bring this private cause of action and Securus, T-Netix, Evercom and GTL are liable to Millicorp for the full amount of damages sustained as a consequence of violating 47 U.S.C. §201(a) and (b).

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

WHEREFORE Plaintiff Millicorp requests that judgment be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc., for compensatory and consequential damages, attorneys' fees and costs under 47 U.S.C. §206, interest, and such other relief as this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE TELECOMMUNICATIONS ACT
### 47 U.S.C. §202

34.    Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

**35.**    This is a claim for damages against Securus, T-Netix, Evercom and GTL under 47 U.S.C. §§ 206 and 207 as a consequence of Securus, T-Netix, Evercom and GTL violating 47 U.S.C. §202.

36.    47 U.S.C. §202(a) states:

(a) Charges, services, etc.

It shall be unlawful for any common carrier to make any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services for or in connection with like

16

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

communication service, directly or indirectly, by any means or device, or to make or give any undue or unreasonable preference or advantage to any particular person, class of persons, or locality, or to subject any particular person, class of persons, or locality to any undue or unreasonable prejudice or disadvantage.

**37.**   Securus, T-Netix, Evercom and GTL are providing like access to IPS services at confinement facilities nationwide to other VOIP providers such as Vonage and Google Voice, but meanwhile blocking the calls of Millicorp's CCH customers. This conduct is an unjust and unreasonable discrimination practice by Securus, T-Netix, Evercom and GTL providing these carriers with an undue and unreasonable preference and advantage and thereby causing an undue and unreasonable prejudice and disadvantage to Millicorp. Such conduct violates 47 U.S.C. §202(a) and is actionable under 47 U.S.C. §§ 206 and 207. Therefore, Securus, T-Netix, Evercom and GTL are liable to Millicorp for the full amount of damages sustained as a consequence of violating 47 U.S.C. §202(a).

WHEREFORE Plaintiff Millicorp requests that judgment be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom

17

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

Systems, Inc., for compensatory and consequential damages, attorneys' fees and costs under 47 U.S.C. §206, interest, and such other relief as this Court deems just and proper.

### COUNT III
### COMMON LAW TORTIOUS INTERFERENCE

38.    Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

39.    This is a claim for damages against Securus, T-Netix, Evercom and GTL for common law tortious interference.

40.    Millicorp has advantageous business relationships with its CCH customers by which Millicorp provides economical VOIP communications services to friends and family members of inmates throughout the United States.

41.    Securus, T-Netix, Evercom and GTL have knowledge of Millicorp's advantageous business relationships with its customers.

42.    Securus, T-Netix, Evercom and GTL are intentionally and unjustifiably interfering with Millicorp's advantageous business relationships by blocking calls to Millicorp's CCH customers and thereby causing Millicorp to lose the business of these customers.

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

43.     These actions of interference by Securus, T-Netix, Evercom and GTL have resulted in damages to Millicorp.

WHEREFORE Plaintiff Millicorp requests that judgment be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc., for compensatory and consequential damages, punitive damages, costs, interest, and such other relief as this Court deems just and proper.

## COUNT IV
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ACTION FOR DAMAGES

44.     Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth herein.

45.     This is a claim for actual damages under §§501.204(1) and 501.211(2), *Fla.Stat.*

46.     By blocking Millicorp's CCH Customers' calls, Securus, T-Netix, Evercom and GTL are knowingly and wilfully engaging in unfair methods of competition, and unfair and unconscionable acts and practices in the conduct of trade and commerce, in violation of §501.204(1), *Fla.Stat.*

19

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

47.   Millicorp is a legitimate business enterprise entitled to protection under FDUTPA.

48.   Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers.   Such conduct offends established public policy to encourage competition and is immoral, unethical, oppressive, unscrupulous and substantially injurious to Millicorp's CCH customers as consumers.

49.   As a direct result of Securus, T-Netix, Evercom and GTL blocking of calls to Millicorp's CCH customers, Millicorp has actually lost a significant portion of its customer base with an actual fifty to seventy percent (50%-70%) average monthly revenue loss.   Consequently, Millicorp has suffered actual damages.

WHEREFORE Plaintiff Millicorp requests that judgment be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc., for actual damages, attorneys' fees and costs under§501.2105, *Fla.Stat.*, interest, and such other relief as this Court deems just and proper.

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

## COUNT V
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

50.    Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth herein.

51.    This is a claim for declaratory and permanent injunctive relief against Securus, T-Netix, Evercom and GTL under §501.211(1), *Fla.Stat.*

52.    By blocking Millicorp's CCH Customers' calls, Securus, T-Netix, Evercom and GTL are knowingly and wilfully engaging in unfair methods of competition, and unfair and unconscionable acts and practices in the conduct of trade and commerce, in violation of §501.204(1), *Fla.Stat.*

53.    Millicorp is a legitimate business enterprise entitled to protection under FDUTPA.

54.    Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers.  Such conduct offends established public policy to encourage competition and is immoral, unethical, oppressive, unscrupulous and

*Millicorp v. Global Tel*Link Corporation, et al.*
Complaint

substantially injurious to Millicorp's CCH customers as consumers. By blocking

Millicorp's CCH customers' calls, Securus, T-Netix, Evercom and GTL are

engaged in unfair methods of competition, unconscionable and unfair acts, and

unconscionable practices under Florida's Deceptive and Unfair Trade Practices

Act, specifically §501.204, *Fla.Stat*.

55.    Pursuant to §501.211(1), *Fla.Stat*., Millicorp seeks a declaratory

judgment from this Court that Securus', T-Netix', Evercom's and GTL's conduct

violates §501.204(1), *Fla.Stat*.

56.    Pursuant to §501.211(1), *Fla.Stat*., Millicorp also seeks injunctive

relief to permanently enjoin Securus, T-Netix, Evercom and GTL from violating

and continuing to violate §501.204(1), *Fla.Stat*.  Such an injunction will not only

protect Millicorp's rights, but will also protect the rights of the friends and family

members of inmates as the consuming public.

57.    The granting of an injunction will not disserve the public interest.  To

the contrary, it will protect the public's interest in fair competition under FDUTPA

and the Telecommunications Act.

WHEREFORE Plaintiff Millicorp requests a declaratory judgment from this

Court that the conduct of Defendants Global Tel*Link Corporation, Securus

22

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom

Systems, Inc. is in violation of §501.204(1), *Fla.Stat.* and for a judgment for

permanent injunctive relief to be entered in its behalf and against Defendants

Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix

Telecommunications Services, Inc. and Evercom Systems, Inc. enjoining them

from violating §501.204(1), *Fla.Stat.* and requiring them to comply with the

provisions of the Telecommunications Act, for attorneys' fees and costs

under§501.2105, *Fla.Stat.*, and for such other relief as this Court deems just and

proper.

**COUNT VI**
**TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION
ACT**

**ACTION FOR DAMAGES**

58.   Millicorp adopts and incorporates by reference the allegations

contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth

herein.

59.   This is a claim for economic damages under §§17.46(b) and 17.50

*Texas Bus. & Com. Code.*

23

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

60.    By blocking Millicorp's CCH Customers' calls and disparaging the services or business of Millicorp by false and misleading representations of fact, Securus, T-Netix, Evercom and GTL are knowingly and willfully engaging in unfair methods of competition, and unfair and unconscionable acts and practices in the conduct of trade and commerce, in violation of §17.46(b) *Texas Bus. & Com. Code.*

61.    Millicorp is a legitimate business enterprise entitled to protection under Texas' Deceptive Trade Practices – Consumer Protection Act.

62.    Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers and are disparaging the services or business of Millicorp by false and misleading representations of fact.  Such conduct offends established public policy to encourage competition and is immoral, unethical, oppressive, unscrupulous and substantially injurious to Millicorp's CCH customers as consumers.

63.    As a direct result of Securus, T-Netix, Evercom and GTL blocking of calls to Millicorp's CCH customers and knowingly disparaging the services or business of Millicorp by false and misleading representations of fact, Millicorp

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

has actually lost a significant portion of its customer base with an actual fifty to seventy percent (50%-70%) average monthly revenue loss.    Consequently, Millicorp has suffered actual damages.

64.    WHEREFORE Plaintiff Millicorp requests that judgment be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc., for economic damages, actual damages pursuant to§17.50(h) *Texas Bus. & Com,* treble damages for acting knowingly under §17.50(b)(1) *Texas Bus. & Com. Code,* attorneys' fees and costs under §17.50(d) *Texas Bus. & Com. Code,* interest, and such other relief as this Court deems just and proper.

**COUNT VII**
**TEXAS**
**DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT**
**ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF**

65.    Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth herein.

66.    This is a claim for declaratory and permanent injunctive relief against Securus, T-Netix, Evercom and GTL under §17.50(b) (2) *Texas Bus. & Com. Code.*

25

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

67.    By blocking Millicorp's CCH Customers' calls and disparaging the services or business of Millicorp by false and misleading representations of fact, Securus, T-Netix, Evercom and GTL are knowingly and wilfully engaging in unfair methods of competition, and unfair and unconscionable acts and practices in the conduct of trade and commerce, in violation of §17.46(b) *Texas Bus. & Com. Code.*

68.    Millicorp is a legitimate business enterprise entitled to protection under Texas' Deceptive Trade Practices – Consumer Protection Act.

69.    Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers and have been disparaging the services or business of Millicorp by false and misleading representations of fact. Such conduct offends established public policy to encourage competition and is immoral, unethical, oppressive, unscrupulous and substantially injurious to Millicorp's CCH customers as consumers. By blocking Millicorp's CCH customers' calls and disparaging the services or business of Millicorp by false and misleading representations of fact, Securus, T-Netix, Evercom and GTL are engaged in unfair methods of competition, unconscionable and unfair acts, and unconscionable

26

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

practices under Texas' Deceptive Trade Practices – Consumer Protection Act, specifically §17.46(b) *Texas Bus. & Com. Code.*

70.     Pursuant to §17.50(b) (2) *Texas Bus. & Com. Code,* Millicorp seeks a declaratory judgment from this Court that Securus', T-Netix', Evercom's and GTL's conduct  violates §17.46(b) *Texas Bus. & Com. Code*.

71.     Pursuant to §17.50(b) (2) *Texas Bus. & Com. Code*, Millicorp also seeks injunctive relief to permanently enjoin Securus, T-Netix, Evercom and GTL from violating and continuing to violate §17.46(b) *Texas Bus. & Com. Code*. Such an injunction will not only protect Millicorp's rights, but will also protect the rights of the friends and family members of inmates as the consuming public.

72.     The granting of an injunction will not disserve the public interest. To the contrary, it will protect the public's interest in fair competition under Texas' Deceptive Trade Practices – Consumer Protection Act and the Telecommunications Act.

WHEREFORE Plaintiff Millicorp requests a declaratory judgment from this Court that the conduct of Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc. is in violation of §17.46(b) *Texas Bus. & Com. Code* and for a

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

judgment for permanent injunctive relief to be entered in its behalf and against

Defendants Global Tel*Link Corporation, Securus Technologies, Inc., T-Netix

Telecommunications Services, Inc. and Evercom Systems, Inc. enjoining them

from violating §17.46(b) *Texas Bus. & Com. Code* and requiring them to comply

with the provisions of the Telecommunications Act, for attorneys' fees and costs

under §17.50(d) *Texas Bus. & Com. Code* and for such other relief as this Court

deems just and proper.

**COUNT VIII**
**CALIFORNIA UNFAIR COMPETITION LAW**
**ACTION FOR DAMAGES**

73.    Millicorp adopts and incorporates by reference the allegations

contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth

herein.

74.    This is a claim for actual damages under §§17200 and 17204 Cal.

Bus. & Prof. Code.

75.    By blocking Millicorp's CCH Customers' calls, Securus, T-Netix,

Evercom and GTL are knowingly and wilfully engaging in unfair methods of

competition, and unfair and unconscionable acts and practices in the conduct of

trade and commerce, in violation of §17200 Cal. Bus. & Prof. Code.

76.    Millicorp is a legitimate business enterprise entitled to protection under California's Unfair Competition Law.

77.    Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers.  Such conduct offends established public policy to encourage competition and is immoral, unethical, oppressive, unscrupulous and substantially injurious to Millicorp's CCH customers as consumers.

78.    As a direct result of Securus, T-Netix, Evercom and GTL blocking of calls to Millicorp's CCH customers, Millicorp has actually lost a significant portion of its customer base with an actual fifty to seventy percent (50%-70%) average monthly revenue loss.  Consequently, Millicorp has suffered actual damages and injury in fact and lost money or property as a result of such unfair competition.

WHEREFORE Plaintiff Millicorp requests that judgment be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc., for actual damages, attorneys' fees and costs, interest, and such other relief as this Court deems just and proper.

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

## COUNT IX
## CALIFORNIA UNFAIR COMPETITION LAW

### ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

79.    Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth herein.

80.    This is a claim for declaratory and permanent injunctive relief against Securus, T-Netix, Evercom and GTL under §17203 Cal. Bus. & Prof. Code.

81.    By blocking Millicorp's CCH Customers' calls, Securus, T-Netix, Evercom and GTL are knowingly and wilfully engaging in unfair methods of competition, and unfair and unconscionable acts and practices in the conduct of trade and commerce, in violation of §§17200 and 17204 Cal. Bus. & Prof. Code.

82.    Millicorp is a legitimate business enterprise entitled to protection under California's Unfair Competition Law.

83.    Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers.  Such conduct offends established public policy to encourage competition and is immoral, unethical, oppressive, unscrupulous and

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

substantially injurious to Millicorp's CCH customers as consumers. By blocking

Millicorp's CCH customers' calls, Securus, T-Netix, Evercom and GTL are

engaged in unfair methods of competition, unconscionable and unfair acts, and

unconscionable practices under California's Unfair Competition Law, specifically

§17200 Cal. Bus. & Prof. Code.

84.    Pursuant to §17203 Cal. Bus. & Prof. Code Millicorp seeks a

declaratory judgment from this Court that Securus', T-Netix', Evercom's and

GTL's conduct violates §17200 Cal. Bus. & Prof. Code.

85.    Pursuant to §§17203 and 17204 Cal. Bus. & Prof. Code Millicorp

also seeks injunctive relief to permanently enjoin Securus, T-Netix, Evercom and

GTL from violating and continuing to violate §17200 Cal. Bus. & Prof. Code.

Such an injunction will not only protect Millicorp's rights, but will also protect the

rights of the friends and family members of inmates as the consuming public.

86.    The granting of an injunction will not disserve the public interest.  To

the contrary, it will protect the public's interest in fair competition under

California's Unfair Competition Law and the Telecommunications Act.

WHEREFORE Plaintiff Millicorp requests a declaratory judgment from this

Court that the conduct of Defendants Global Tel\*Link Corporation, Securus

31

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc. is in violation of §17200 Cal. Bus. & Prof. Code and for a judgment for permanent injunctive relief to be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc. enjoining them from violating §§17200 Cal. Bus. & Prof. Code, and requiring them to comply with the provisions of the Telecommunications Act, for attorneys' fees and costs and for such other relief as this Court deems just and proper.

## COUNT X
## WISCONSIN UNFAIR TRADE PRACTICES ACT
## ACTION FOR DAMAGES

87.    Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth herein.

88.    This is a claim for actual damages under §100.20 *Wisconsin Stat.*

89.    By blocking Millicorp's CCH Customers' calls, Securus, T-Netix, Evercom and GTL are knowingly and wilfully engaging in unfair methods of competition, and unfair and unconscionable acts and practices in the conduct of trade and commerce, in violation of §100.20 *Wisconsin Stat.*

32

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

90.    Millicorp is a legitimate business enterprise entitled to protection under Wisconsin's Unfair Trade Practices Act.

91.    Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers.  Such conduct offends established public policy to encourage competition and is immoral, unethical, oppressive, unscrupulous and substantially injurious to Millicorp's CCH customers as consumers.

92.    As a direct result of Securus, T-Netix, Evercom and GTL blocking of calls to Millicorp's CCH customers, Millicorp has actually lost a significant portion of its customer base with an actual fifty to seventy percent (50%-70%) average monthly revenue loss.  Consequently, Millicorp has suffered actual damages.

WHEREFORE Plaintiff Millicorp requests that judgment be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc., pursuant to §100.20 (5) *Wisconsin Stat.* for twice the amount of actual damages, attorneys' fees and costs, interest, and such other relief as this Court deems just and proper.

33

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

## COUNT XI
### WISCONSIN UNFAIR TRADE PRACTICES ACT
### ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

93.     Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth herein.

94.     This is a claim for declaratory and permanent injunctive relief against Securus, T-Netix, Evercom and GTL under §100.20 *Wisconsin Stat.*

95.     By blocking Millicorp's CCH Customers' calls, Securus, T-Netix, Evercom and GTL are knowingly and wilfully engaging in unfair methods of competition, and unfair and unconscionable acts and practices in the conduct of trade and commerce, in violation of §100.20 *Wisconsin Stat.*

96.     Millicorp is a legitimate business enterprise entitled to protection under Wisconsin's Unfair Trade Practices Act.

97.     Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers.  Such conduct offends established public policy to encourage competition and is immoral, unethical, oppressive, unscrupulous and

34

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

substantially injurious to Millicorp's CCH customers as consumers. By blocking

Millicorp's CCH customers' calls, Securus, T-Netix, Evercom and GTL are

engaged in unfair methods of competition, unconscionable and unfair acts, and

unconscionable practices under Wisconsin's Unfair Trade Practices Act,

specifically §100.20 *Wisconsin Stat.*

98.     Millicorp seeks a declaratory judgment from this Court that Securus',

T-Netix', Evercom's and GTL's conduct  violates §100.20 *Wisconsin Stat.*

99.     Millicorp also seeks injunctive relief to permanently enjoin Securus,

T-Netix, Evercom and GTL from violating and continuing to violate §100.20

*Wisconsin Stat.*  Such an injunction will not only protect Millicorp's rights, but

will also protect the rights of the friends and family members of inmates as the

consuming public.

100.   The granting of an injunction will not disserve the public interest.  To

the contrary, it will protect the public's interest in fair competition under

Wisconsin's Unfair Trade Practices Act and the Telecommunications Act.

WHEREFORE Plaintiff Millicorp requests a declaratory judgment from this

Court that the conduct of Defendants Global Tel\*Link Corporation, Securus

Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

Systems, Inc. is in violation of §100.20 *Wisconsin Stat,* and for a judgment for permanent injunctive relief to be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc. enjoining them from violating §100.20 *Wisconsin Stat,* and requiring them to comply with the provisions of the Telecommunications Act, for attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## COUNT XII
## VIRGINIA CONSUMER PROTECTION ACT
## ACTION FOR DAMAGES

101. Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth herein.

102. This is a claim for actual damages under §§59.1-200 and 59.1 – 204 *VA Stat.*

103. By blocking Millicorp's CCH Customers' calls, Securus, T-Netix, Evercom and GTL are knowingly and willfully engaging in unfair methods of

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

competition, and unfair and unconscionable acts and practices in the conduct of trade and commerce, in violation of §59.1-200 (14) *VA Stat.*

104.   Millicorp is a legitimate business enterprise entitled to protection under Virginia's Consumer Protection Act.

105.   Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers.  Such conduct offends established public policy to encourage competition and is immoral, unethical, oppressive, unscrupulous and substantially injurious to Millicorp's CCH customers as consumers.

106.   As a direct result of Securus, T-Netix, Evercom and GTL blocking of calls to Millicorp's CCH customers, Millicorp has actually lost a significant portion of its customer base with an actual fifty to seventy percent (50%-70%) average monthly revenue loss.   Consequently, Millicorp has suffered actual damages.

WHEREFORE Plaintiff Millicorp requests that judgment be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc., for actual damages, treble damages under §59.1-204 (A) *VA Stat.*

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

attorneys' fees and costs under §59.1-204 (B) *VA Stat,* interest, and such other relief as this Court deems just and proper.

## COUNT XIII
## VIRGINIA CONSUMER PROTECTION ACT
## ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

107.   Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth herein.

108.   This is a claim for declaratory and permanent injunctive relief against Securus, T-Netix, Evercom and GTL under §59.1-205 *VA Stat.*

109.   By blocking Millicorp's CCH Customers' calls, Securus, T-Netix, Evercom and GTL are knowingly and wilfully engaging in unfair methods of competition, and unfair and unconscionable acts and practices in the conduct of trade and commerce, in violation of §59.1-200 (14) *VA Stat.*

110.   Millicorp is a legitimate business enterprise entitled to protection under Virginia's Consumer Protection Act.

111.   Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers.   Such conduct offends established public policy to

38

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

encourage competition and is immoral, unethical, oppressive, unscrupulous and substantially injurious to Millicorp's CCH customers as consumers. By blocking Millicorp's CCH customers' calls, Securus, T-Netix, Evercom and GTL are engaged in unfair methods of competition, unconscionable and unfair acts, and unconscionable practices under Virginia's Consumer Protection Act, specifically §59.1-200 (14) *VA Stat.*

112. Pursuant to §59.1-205 *VA Stat,* Millicorp seeks a declaratory judgment from this Court that Securus', T-Netix', Evercom's and GTL's conduct violates §59.1-200 (14) *VA Stat.*

113. Pursuant to §59.1-205 *VA Stat,* Millicorp also seeks injunctive relief to permanently enjoin Securus, T-Netix, Evercom and GTL from violating and continuing to violate §59.1-200 (14) *VA Stat..* Such an injunction will not only protect Millicorp's rights, but will also protect the rights of the friends and family members of inmates as the consuming public.

114. The granting of an injunction will not disserve the public interest. To the contrary, it will protect the public's interest in fair competition under Virginia's Consumer Protection Act and the Telecommunications Act.

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

WHEREFORE Plaintiff Millicorp requests a declaratory judgment from this Court that the conduct of Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc. is in violation of §59.1-200 (14) *VA Stat,* and for a judgment for permanent injunctive relief to be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc. enjoining them from violating §59.1-200 (14) *VA Stat,* and requiring them to comply with the provisions of the Telecommunications Act, for attorneys' fees and costs under§59.1-204 (B) *VA Stat,* and for such other relief as this Court deems just and proper.

**COUNT XIV**
**NORTH CAROLINA UNFAIR TRADE PRACTICES ACT**
**ACTION FOR DAMAGES**

115. Millicorp adopts and incorporates by reference the allegations contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth herein.

116.   This is a claim for actual damages under §§75 − 1.1 and 75 − 16, *NC Stat.*

40

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

117. By blocking Millicorp's CCH Customers' calls, Securus, T-Netix, Evercom and GTL are knowingly and wilfully engaging in unfair methods of competition, and unfair and unconscionable acts and practices in the conduct of trade and commerce, in violation of §75 – 1.1, *NC Stat.*

118. Millicorp is a legitimate business enterprise entitled to protection under North Carolina's Unfair Trade Practices Act.

119. Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers. Such conduct offends established public policy to encourage competition and is immoral, unethical, oppressive, unscrupulous and substantially injurious to Millicorp's CCH customers as consumers.

120. As a direct result of Securus, T-Netix, Evercom and GTL blocking of calls to Millicorp's CCH customers, Millicorp has actually lost a significant portion of its customer base with an actual fifty to seventy percent (50%-70%) average monthly revenue loss. Consequently, Millicorp has suffered actual damages.

WHEREFORE Plaintiff Millicorp requests that judgment be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus

41

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom

Systems, Inc., for actual damages, treble damages under § 75 – 16, *NC Stat,*

attorneys' fees and costs under § 75 – 16.1, *NC Stat,* interest, and such other relief

as this Court deems just and proper.

## COUNT XV
## NORTH CAROLINA UNFAIR TRADE PRACTICES ACT
## ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

121.   Millicorp adopts and incorporates by reference the allegations

contained in paragraphs 1 through 24 and 27 through 32, as if fully set forth

herein.

122.   This is a claim for declaratory and permanent injunctive relief against

Securus, T-Netix, Evercom and GTL under §75 – 1.1 and 75 – 16, *NC Stat.*

123.   By blocking Millicorp's CCH Customers' calls, Securus, T-Netix,

Evercom and GTL are knowingly and willfully engaging in unfair methods of

competition, and unfair and unconscionable acts and practices in the conduct of

trade and commerce, in violation of §75 – 1.1, *NC Stat.*

124.   Millicorp is a legitimate business enterprise entitled to protection

under North Carolina's Unfair Trade Practices Act.

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

125.  Securus, T-Netix, Evercom and GTL have engaged in a rampant, consistent, and willful blocking of calls from inmates in confinement facilities to Millicorp's CCH customers.  Such conduct offends established public policy to encourage competition and is immoral, unethical, oppressive, unscrupulous and substantially injurious to Millicorp's CCH customers as consumers. By blocking Millicorp's CCH customers' calls, Securus, T-Netix, Evercom and GTL are engaged in unfair methods of competition, unconscionable and unfair acts, and unconscionable practices under North Carolina's Unfair Trade Practices Act, specifically §75 – 1.1, *NC Stat.*

126.  Millicorp seeks a declaratory judgment from this Court that Securus', T-Netix', Evercom's and GTL's conduct  violates §75 – 1.1, *NC Stat.*

127.  Millicorp also seeks injunctive relief to permanently enjoin Securus, T-Netix, Evercom and GTL from violating and continuing to violate §75 – 1.1, *NC Stat.*  Such an injunction will not only protect Millicorp's rights, but will also protect the rights of the friends and family members of inmates as the consuming public.

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

128.   The granting of an injunction will not disserve the public interest. To the contrary, it will protect the public's interest in fair competition under North Carolina's Unfair Trade Practices Act and the Telecommunications Act.

WHEREFORE Plaintiff Millicorp requests a declaratory judgment from this Court that the conduct of Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc. is in violation of §75 – 1.1, *NC Stat,* and for a judgment for permanent injunctive relief to be entered in its behalf and against Defendants Global Tel\*Link Corporation, Securus Technologies, Inc., T-Netix Telecommunications Services, Inc. and Evercom Systems, Inc. enjoining them from violating §75 – 1.1, *NC Stat,* and requiring them to comply with the provisions of the Telecommunications Act, for attorneys' fees and costs under §75 – 16.1, *NC Stat,* and for such other relief as this Court deems just and proper.

*Millicorp v. Global Tel\*Link Corporation, et al.*
Complaint

# DEMAND FOR JURY TRIAL

Pursuant to *Fed.R.Civ.P.* 38, Millicorp demands a jury trial as to all issues

so triable by right of a jury.

Dated: **October** _/⁷_ **, 2009**

                        Respectfully submitted,

                        STEVEN M. KATZMAN, ESQ.
                        Florida Bar No. 375861
                        *smk@kwblaw.com*
                        CHARLES J. BENNARDINI, ESQ.
                        Florida Bar No. 694241
                        *cjb@kwblaw.com*
                        KATZMAN, WASSERMAN
                        BENNARDINI & RUBINSTEIN, P.A.
                        Co-Counsel for Plaintiff
                        7900 Glades Road, Suite 140
                        Boca Raton, FL 33434
                        Phone: (561) 477-7774
                        Fax: (561) 477-7447

                        _____
                        JEFF M. BROWN, ESQ.
                        LAVALLE, BROWN, RONAN & MULLINS, PA
                        Co-Counsel for Plaintiff
                        750 South Dixie Highway
                        Boca Raton, Florida 33432
                        *jbrown@lavallebrown.com*
                        Tel: 561-395-0000
                        Fax: 561-395-9093

JS 44 (Rev. 2/08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

### I. (a) PLAINTIFFS

09 - 23093

MILLICORP, a Florida corporation, d/b/a ConsCallHome.com

**DEFENDANTS**

GLOBAL TEL*LINK CORPORATION; TECHNOLOGIES; T-NETIX TELECOMMUNICATIONS SERVICES, INC.

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

**(b)** County of Residence of First Listed Plaintiff   Lee County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Highlands County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SEE ATTACHED

3rd Attny

Attorneys (If Known)

## CIV-GRAHAM

**(d)** Check County Where Action Arose:  ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE   HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

MAGISTRATE JUDGE
TORRES

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE                    DOCKET NUMBER

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

47 U.S.C. 201 et seq; 28 U.S.C. 1331, 1332 and 1367; Violations of Communications Act of 1934 and Telecommunications Act of 1996

LENGTH OF TRIAL via   14   days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00 + Inj. Relief

CHECK YES only if demanded in complaint.

JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   10/14/09

Jeff M. Brown

FOR OFFICE USE ONLY

AMOUNT $ 350.00     RECEIPT # 1010008     IFP

10/14/09

**Civil Action Cover Sheet (continued)**
**I.(c)**
**Attorney's (Firm Name, Address and Telephone Number)**


Jeff M. Brown, Esq.
Co-Counsel for Plaintiff
Lavalle, Brown, Ronan & Mullins, P.A.
750 South Dixie Highway
Boca Raton, Florida 33432
Tel: 561-395-0000
Fax: 561-395-9093
*jbrown@lavallebrown.com*


STEVEN M. KATZMAN, ESQ.
Florida Bar No. 375861
*smk@kwblaw.com*
CHARLES J. BENNARDINI, ESQ.
Florida Bar No. 694241
*cjb@kwblaw.com*
KATZMAN, WASSERMAN
BENNARDINI & RUBINSTEIN, P.A.
Co-Counsel for Plaintiff
7900 Glades Road, Suite 140
Boca Raton, FL 33434
Phone:   (561) 477-7774
Fax:     (561) 477-7447