**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-23093-CIV-GRAHAM/TORRES

MILLICORP, a Florida corporation,
d/b/a CONSCALLHOME,

　　Plaintiff,

v.

GLOBAL TEL*LINK CORPORATION, et al.,

　　Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants Securus Technologies, Inc. ("Securus"), Evercom Systems, Inc. ("Evercom"), and T-Netix Telecommunications Services, Inc. ("T-Netix"), collectively known as the "Securus Defendants" Motion to Dismiss [D.E. 16] and Memorandum of Law in support of Motion to Dismiss [D.E. 18], Defendant Global Tel*Link Corporation's Motion to Dismiss or to Stay Proceedings and Incorporated Memorandum of Law [D.E. 17].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

**I.　BACKGROUND**

Plaintiff, Millicorp, is a nationwide interconnected voice over Internet protocol ("VOIP") provider. It is registered with the Federal Communications Commission ("FCC"). VOIP is an internet

application typically used to transmit voice communications over a broadband internet connection, rather than traditional land lines. Millcorp provides a range of services including, the subject of this action, a VOIP offering designed to serve the needs of the friends and families of correctional facility inmates, known as ConsCallHome ("CCH"). Millicorp currently provides its services in 47 states, including but not limited to Florida, Texas, California, Wisconsin, Virginia, and North Carolina.

The Securus Defendants and Global Tel*Link Corporation ("GTL"), provide inmate phone service ("IPS") via payphones located in state and local confinement facilities throughout the United States. Millicorp alleges that Defendants blocked service to Millicorp's customers who subscribed to CCH, Millicorp's interconnected VIOP offering. As a direct result of the blocking of calls to Millicorp's CCH customers, Millicorp alleges that is has actually lost a significant portion of its customer base resulting in a loss of revenue, reputation and goodwill. Millicorp filed the instant fifteen count complaint against Defendants. Counts I and II allege violations of §201 and §202 of the Federal Communications Act of 1934 ( the "Act"). In Count III Millicorp alleges that the Defendants tortiously interfered with Millicorp's business relationships. In Counts IV to XV Millicorp alleges violations of several states deceptive trade practices statues.

In the instant motions, the Defendants move to dismiss the

complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted [D.E. 18]. Defendants also assert that dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction. Specifically, the Securus Defendants seek dismissal asserting that: 1) the FCC expressly permits Defendants blocking of attempts to circumvent secure inmate telecommunications systems; 2) FCC policy preempts all state claims regarding the services that the Securus Defendants provide; and 3) Plaintiff has no right, statutory, contractual, or otherwise, to divert inmate calls [D.E. 18]. In a separate motion, Defendant GTL seeks dismissal arguing that: 1) Millicorp is precluded by statue and this Court is deprived of jurisdiction to hear this action because Millicorp has already selected its remedy by invoking the FCC remedial authority; 2) federal law permits the alleged call blocking of Millicorp's services; and 3) the state claims are preempted [D.E. 17]. GTL also asserts, in the alternative to dismissal, this Court stay the action and refer Millicorp's claims to the FCC under the primary jurisdiction doctrine [D.E. 17].

## II. DISCUSSION

### A. Standard of Review

In examining a motion to dismiss, a court accepts the plaintiff's allegations as true and construes the complaint in the

plaintiff's favor. See, generally, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)(noting that on a motion to dismiss there is an assumption that all allegations in the complaint are true). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." Id. (citations omitted). The complaint must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. The factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Dismissal of a complaint is proper where it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

In ruling on a Motion to Dismiss, the court can generally only consider that which is contained within the four corners of the complaint. See, Long v. Slaton, 508 F.3d 576, 578 n.3 (11th Cir. 2007). Under FRCP 12(b)(1) there are two types of challenges to subject matter jurisdiction: facial and factual. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). A facial attack requires the Court to examine whether the plaintiff has

4

sufficiently alleged a basis of subject matter jurisdiction in its complaint. Id. In a facial attack, the allegations in the complaint are taken as true. Id. Where there is a factual attack, matters outside the pleadings, such as testimony, affidavits, depositions or documents, can be considered. Id. Because the Court's power to hear the case is in question when subject matter jurisdiction is challenged in a factual attack, the Court is free to weigh the evidence to satisfy itself that jurisdiction exists. Id. However, this ability to weigh matters contained outside of the pleadings depends on whether the factual attack implicates the merits of a plaintiff's cause of action. Garcia, M.D. v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997).

**B.  Plaintiff's Claims Under the Communications Act of 1934 and the Telecommunications Act of 1996 (Counts I and II)**

Here, Defendants attack on subject matter jurisdiction in this action is factual in nature. Specifically, Defendants move to dismiss Millicorp's federal claims asserting that Millicorp has already chosen to pursue a remedy before the FCC , forclosing the current action pursuant to 47 U.S.C. §207 [D.E. 46]. As Defendants are asserting a factual attack, the Court may consider matters outside the pleadings in determining whether it has jurisdiction over Plaintiff's claims.

Counts I and II of the complaint allege violations of §§ 201

5

and 202 of the Communications Act of 1934 and the Telecommunications Act of 1996. Millicorp seeks damages against Defendants under 47 U.S.C. §§ 206 and 207 as a consequence of violating 47 U.S.C. §§201 and 202 [D.E. 1, ¶¶26 and 35]. 47 U.S.C §207 of the Communications Act provides that:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of damages for which such common carrie may be liable...in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

Defendants contend that Millicorp is precluded from bringing this action, and specifically Counts I and II, based on Millicorp's July 15, 2009 letter requesting that the FCC's Enforcement Bureau investigate the call blocking practices of GTL and Securus and Millicorp's comments and reply comments in response to the petition for declaratory ruling filed with the FCC by Securus. Millicorp, however, argues that its federal claims are not barred under the election remedies provision of §207 because: 1) it has not made any complaint to the FCC; 2) if it had filed an informal complaint, it has not complained specifically to the FCC's Market Dispute Division; and 3) it sought declaratory relief and not money damages before the FCC. In this case, the factual attack does not implicate the merits of Millicorp's cause of action.

It is clear that §207 permits an injured party to seek relief

in either federal court or before the FCC, but not in both. <u>Digitel, Inc. v. MCI Worldcom, Inc.</u>, 239 F.3d 187, 190 (2nd Cir. 2001), <u>Mexiport, Inc., v. Frontier Communications Services, Inc.</u>, 253 F.3d 573, 575 (11th Cir. 2001). Section 207 requires an election between litigation and filing a complaint with the FCC. A complaint filed with the FCC may be either formal or informal. 47 C.F.R. §1.711. The parties agree that Millicorp did not file a formal complaint with the FCC. However, the parties dispute whether Millicorp's July 15, 2009 letter requesting an investigation and subsequent comments and reply comments to Securus' petition for declaratory ruling constitute an informal complaint to the FCC. An informal complaint is in writing and contains: "(1) the name, address, and telephone number of the complainant; (2) the name of the carrier against whom the complaint is made; (3) statement of the act or omission by the carrier that contravenes the Communications Act; and (4) the relief sought." <u>Mexiport, Inc. v. Frontier Communications Servs., Inc.</u>, 253 F.3d 573, 575 n.3 (11th Cir. 2001).

In considering Millicorp's Comments submitted to the FCC in response to Securus' petition to the FCC seeking declaratory relief, Millicorp states "in advance of the instant Securus Petition, on July 15, 2009 [Millicorp] contacted and requested the FCC's Enforcement Bureau to investigate the unlawful call blocking practices of Securus and GTL." [D.E. 17-2, p. 10]. Further,

footnote 23 of this same document cites, "Request for Investigation Letter to Trent Harkrader, Deputy Chief, Investigations & Hearings Division, Enforcement Bureau, FCC, from William P. Cox, Counsel for Millicorp, dated July 15, 2009." Id. While Millicorp disputes that it filed an informal complaint it concedes that its request for the FCC to initiate an investigation may contain some of the elements of an informal complaint as provided in §1.716 of the FCC's rules [D.E. 40, p.10]. In its reply comments submitted to the FCC, Millicorp concludes by requesting the FCC to "prohibit Securus, GTL, and other ICS providers from blocking calls to Millicorp CCH customers." [D.E. 17-5, p.14]. "Millicorp also asks that the Commission specifically find that use of local telephone numbers by customers of FCC regulated interconnected VIOP providers, in the manner described by Millicorp in its Comments and these Reply Comments, is lawful under federal telecommunications law and policy." [D.E. 17-5, p.14]. The Court notes that the Comments and Reply Comments submitted by Millicorp to the FCC contain many of the same allegations contained in the instant complaint and meet the requirements of an informal complaint to the FCC.

A party that files an informal complaint is precluded from also filing in district court. Digitel at 190. The Court finds that Millicorp's July 15, 2009 letter requesting the FCC to investigate alleged unlawful call blocking practices of Defendants was an invocation of the FCC's jurisdiction sufficient to trigger forum

8

selection pursuant to §207. Specifically, Millicorp's letter to the FCC addresses and requests the FCC to take action regarding the very same practices it complains of in the instant action. There is no indication that Millicorp's request for investigation to the FCC and the instant action cover different factual or legal issues. Bell Atlantic Corp. v. MFS Commc'ns Co., 901 F.Supp. 835 (D.Del. 1995). To the contrary, it appears that Millicorp has attempted to place the same legal issues before the FCC and this Court thus precluding adjudication of these claims by this Court. Id. Millicorp's claim that it did not make an election under §207 because it sought declaratory or injunctive relief rather than monetary damages is unpersuasive. Section 207 does not require a person to request damages at the FCC. Beehive Telephone Co., Inc. v. Sprint Communications Company L.P., 2009 WL 3297303 (D. Utah 2009). "If a person could avoid the election of remedies provision in §207 simply by styling its FCC complaint as one for declaratory relief, §207 would be rendered meaningless." Id *2. The Court holds that §207 bars Millicorp from bringing its §§ 201 and 202 claims before this Court. Because Millicorp filed an informal complaint with the FCC it is precluded from also bringing an action in federal district court. Mexiport at 575. Further, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motions to Dismiss [D.E. 16 and 17] are **GRANTED** for lack of subject matter jurisdiction. It is further

**ORDERED AND ADJUDGED** that this action is **DISMISSED** without prejudice. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of April, 2010.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record